# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:90-509-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Thomas Jefferson Cobb, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On February 27, 1991, the Court sentenced the defendant to 360 months imprisonment followed by five years of supervised release. On January 19, 2006, the defendant filed a motion to amend, claiming that his sentence violated the principles set forth in United States v. Booker, 543 U.S. 220 (2005). The defendant alleges that the Court has jurisdiction to modify his sentence under 18 U.S.C §§ 3231 and 3582(c)(2). This matter is now ready for disposition.

First, neither section 3231 nor section 3582 confer jurisdiction on the Court to modify the defendant's sentence. Section 3582(c)(2) permits a district court to modify a sentence if a defendant is sentenced under a guideline range that has been subsequently reduced by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). The defendant does not contend that the Sentencing Commission has subsequently reduced the guideline range under which he was sentenced. Therefore, the defendant may not proceed under section 3582(c)(2). Section 3231 confers jurisdiction on district courts to hear violations of federal criminal law. This statute does not grant the Court jurisdiction to modify the defendant's sentence.

Second, the defendant's claim is without merit because the Supreme Court clearly stated that its holding in Booker must be applied "to all cases on direct review." Booker, 543 U.S. at

225.  Subsequent to the decision in Booker, the Fourth Circuit Court of Appeals ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.   Here, the defendant's case has run its course and his conviction and sentence became final in 1991, well before Booker was issued.

       Therefore, the Court denies the defendant's motion to amend.

**AND IT IS SO ORDERED**.

                                                           **C. WESTON HOUCK**
                                                           **UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina